IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) **AMENDED** |
| ORIGINAL HOT DOG SHOPS, INC. d/b/a | ) **COMPLAINT** |
| ORIGINAL HOT DOG SHOP, and | ) |
| FOOD GALLERY ORIGINAL, INC. d/b/a | ) Jury Trial Demanded |
| ORIGINAL HOT DOG SHOP, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race/African American, and to provide appropriate relief to Charging Party Anton L. Rumph, and similarly-situated African American employees of Defendants who were adversely affected by such practices.  As alleged with greater particularity in paragraph 10 below, the Commission alleges that Charging Party Anton Rumph and a class of similarly-situated African American employees were discharged from employment by Defendants on the basis of their race.  As a result of their discriminatory discharges, Mr. Rumpf and the class members suffered severe emotional distress damages and backpay losses.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Original Hot Dog Shops, Inc.  has continuously been a corporation doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least 15 employees.  It conducts business under the name "Original Hot Dog Shop."

5.      At all relevant times, Defendant Original Hot Dog Shops, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant Food Gallery Original, Inc. has continuously been a corporation doing business in the State of Pennsylvania and the City of Pittsburgh, and has

continuously had at least 15 employees. It conducts business under the name "Original Hot Dog Shop."

7.      At all relevant times, Defendant Food Gallery Original, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.      Defendants Original Hot Dog Shops, Inc. and Food Gallery Original, Inc. shall be referred to collectively as "Defendant Employer".

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, Charging Party Anton Rumph filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     On or about September 22, 2005, Defendant Employer engaged in unlawful employment practices in violation of Section 703(a)(1)of Title VII, 42 U.S.C. § 2000e-2(a)(1), as follows:

(a)     In September 2005, Charging Party and a class of similarly-situated African American individuals were employed by Defendant Employer at the Original Hot Dog Shop located at the food court on the campus of Carnegie Mellon University ("CMU store").

(b)     Both of the individually identified Defendants are owned by Sydney Simon. Mr. Simon's son, Bruce Simon, acted as the General Manager for both the CMU store and for another Original Hot Dog Shop located in Oakland, a neighborhood in the City of Pittsburgh where the University of Pittsburgh is located ("Oakland store").

(c)     On or about September 17, 2005, CMU Store Manager Addison Harrison resigned. Shortly thereafter, Mr. Simon hired a former employee to replace Mr. Harrison as CMU store manager.

(d)     On or about September 22, 2005, Bruce Simon ordered the new store manager to discharge all of the African American employees located at the CMU store. After he had discharged some of the black employees, the new manager resigned in protest, as he viewed the directive to be racially motivated. This manager indicated that he was told by Mr. Simon to fire the black employees because CMU students did not like to be waited on by black employees.

(e)     After the new manager resigned, Bruce Simon fired the remainder of the black employees located at the facility.

(f)     Defendant Employer claims that the employees fired were fired due to a variety of reasons, including but not limited to, customer complaints, performance, or because they had not been trained properly.  However, these claims are not worthy of belief and are pretextual for race discrimination.

11.     The effect of the practices complained of in paragraph 10(a) through (f) above has been to deprive Charging Party Anton Rumph, and a class of similarly situated African American employees, of equal employment opportunities and otherwise adversely affect their status as employees, because of  their race.

12.     The unlawful employment practices complained of in paragraph 10(a) through (f) above were  intentional.

13.     The unlawful employment practices complained of in paragraph 10(a) through (f)

above were done with malice or with reckless indifference to the federally protected rights of Charging Party Anton Rumph and similarly situated African American employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful employment discrimination and any other employment practice which discriminates on the basis of race.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Anton Rumph and other African American employees, to be identified in the course of litigation, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 10 (a) through (f) above, in amounts to be determined at trial.

D.      Order Defendant Employer to make whole Anton Rumph and other affected African American employees, to be identified through this litigation, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 (a) through (f) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.      Order Defendant Employer to pay Anton Rumph and other affected African American

employees punitive damages for its malicious and/or reckless conduct described in paragraphs 10 (a) through (f) above, in an amount to be determined at trial.

F.      Grant such further relief as this Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_____

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

_____

JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

_____

M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)
jean.clickner@eeoc.gov